## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DARREN PARKER, | ) | CASE NO. 3:23-cv-183 (KAD) |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEREMY NASH, | ) | May 4, 2023 |
| *Respondent.* | ) | |

## <u>ORDER DISMISSING CASE</u>

Kari A. Dooley, United States District Judge:

Petitioner Darren Parker ("Parker") filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Parker argued that he had not been awarded Earned Time Credits to which he was entitled under the First Step Act ("FSA") and a one-year sentence reduction for completing the Residential Drug and Alcohol Treatment Program ("RDAP") and sought award of those credits.

On March 28, 2023, in response to the Order to Show Cause why this petition should not be granted, Respondent indicated that he had revisited Parker's eligibility to receive FSA credits and determined that Parker was, in fact, eligible. Respondent submitted exhibits demonstrating that Parker was credited with one year for completing RDAP, thereby expediting his projected release date from February 11, 2025, to February 11, 2024. In addition, Respondent applied 180 days of FSA earned credits, further adjusting Parker's projected release date to August 15, 2023. *See* ECF No. 9-2. Respondent contends that the petition should be dismissed as moot because Parker had been awarded all applicable time credits. Indeed, Parker has since been released to New York Resident Reentry Management. *See* Federal Bureau of Prisons Inmate Locator, www.bop.gov/inmateloc/ (last visited May 4, 2023).

Parker filed a reply to Respondent's response in which he now claims that he was not awarded all applicable time and seeks damages in the amount of $1,000 for each day he was incarcerated beyond what he believes was his early release date. *See* ECF No. 10 at 1. He does not indicate what he believes that date was. Parker also complains about the conditions at FCI Danbury.

Parker has filed this action pursuant to 28 U.S.C. § 2241. Damages, however, are not an available remedy in a habeas corpus action. *See Reynolds v. Petrucci*, No. 20-cv-3523 (LLS), 2020 WL 4431997, at *3 (S.D.N.Y. July 29, 2020) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973)).

Further, Parker merely requested that FSA credits be applied. *See* ECF No. 1-1 at 4 ("Petitioner moves this Honorable Court to order the BOP to immediately apply earned time credits and adjust the release date of the Petitioner accordingly"). Respondent did so, and Parker may not now claim that that he should have been awarded more FSA credits to save his petition from dismissal. Nor did Parker include any claims regarding conditions at FCI Danbury. Parker also cannot amend his petition through this response. *See Wilson v. Baird*, No. 3:11-cv-1304 (MRK), 2012 WL 2154209, at *5 (D. Conn. June 13, 2012) (petitioner cannot amend habeas petition through memorandum in opposition to motion to dismiss) (citing *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998)). As he no longer is confined at FCI Danbury, the Court can provide him no relief regarding the conditions there.

Accordingly, because Parker has been awarded his RDAP and FSA time credits and has been released from FCI Danbury, the petition for writ of habeas corpus is dismissed as moot. *See Coston v. U.S. Attorney General*, No. 13-cv-4440 (PKC), 2018 WL 1221120, at *4 (E.D.N.Y. Mar. 8, 2019) (§ 2241 habeas petition held moot because petition "has since been released from federal

custody and his sentence has fully expired"). The Clerk of the Court is directed to enter judgment and close this case.

      **SO ORDERED** at Bridgeport, Connecticut, this 4th day of May 2023.

                       */s/ Kari A. Dooley*
                       KARI A. DOOLEY
                       UNITED STATES DISTRICT JUDGE